HOOD, Judge.
This is a workmen’s compensation suit instituted by Edmond Taylor against Meeker Sugar Cooperative, Inc., and its insurer, Southern Farm Bureau Casualty Insurance Company. Plaintiff contends that as the result of an injury which he sustained to ■one of his fingers on November 23, 1962, he is totally and permanently disabled. After trial, judgment was rendered by the trial court awarding plaintiff compensation benefits at the maximum rate from June 13, 1963, which was the date of the trial, through July 24, 1963. The trial court also condemned the defendant insurer to pay penalties and attorney’s fees. Both the plaintiff and the defendants have appealed from that judgment.
Plaintiff is a forty-four year old colored man who has always worked as a common laborer. He began working as a laborer for defendant, Meeker Sugar Cooperative, Inc., in November, 1962, his principal duties being to clean the ashes out of boilers in the boiler room of the employer’s sugar mill. In performing these duties plaintiff ordinarily used a shovel and a wheelbarrow to pick up the ashes and haul them away.
On November 23, 1962, while he and a fellow employee were using a piece of pipe to break up some hard ashes, the pipe suddenly gave way under downward pressure and crushed the ring finger of plaintiff’s left hand against the concrete floor. As a result of this injury, plaintiff sustained a comminuted fracture of the distal phalanx of that finger. He was treated the next day by Dr. M. J. Hair, a general practitioner, and he remained under Dr. Hair’s treatment until January 14, 1963, when the doctor discharged him as being completely cured and able to return to his former type of employment.
The defendant insurer paid all of the compensation benefits due plaintiff from the date of the injury until January 14, 1963, when he was discharged by Dr. Hair. Upon receiving Dr. Hair’s report, however, they discontinued the payment of compensation benefits on that date.
This suit was instituted on March 18, 1963, and it came up for trial on June 13, 1963. About nine days after the suit was instituted, defendant was furnished with a letter from Dr. T. E. Banks, an orthopedic surgeon, indicating that plaintiff still had some disability. This was the first and only medical report which defendant had received following plaintiff’s discharge by Dr. Hair, and defendants thereupon immediately brought all of the compensation payments up to date and continued those payments until June 21, 1963, that being about one week after the trial of this case, at which time the payment of such benefits was discontinued.
*142 Dr. Hair testified that when he last examined Taylor on January 14, 1963, plaintiff still complained of some pain or soreness of the injured finger when that finger was touched or hit. The doctor felt, however, that the pain or soreness was of such a minor nature that it would not disable him from work, that plaintiff would get along all right working with the finger, and that it would gradually improve until the pain would completely disappear.
Dr. T. E. Banks, an orthopedic surgeon, examined plaintiff on February 22 and again on June 10, 1963. X-rays taken by Dr. Banks on the first examination indicated four distinct fragments in the distal phalanx of plaintiff’s left ring finger, with evidence of non-healing of these fragments. He felt that plaintiff was disabled at that time, and he recommended that the fragments be removed by a minor surgical procedure.
On the second examination made by Dr. Banks about three days before the trial, he found that three of the fragments had healed, and that the fourth was in the process of healing. He estimated that within six weeks after that examination the last fragment would be completely healed, and that plaintiff’s finger would be completely asymptomatic. As a result of this last examination, and because of the great improvement in the condition of plaintiff’s finger, he concluded that the surgical procedure which he previously had recommended was not necessary or advisable.
Dr. Banks stated that at the time of this last examination, plaintiff’s complaints of pain were “very minor,” that plaintiff would be apt to have some pain if he received a direct blow on the end of that finger, but even then the pain would be minimal and would not be disabling. He testified that at the time he last examined plaintiff shortly before the trial, it was his opinion that the minimal pain which plaintiff then experienced upon direct trauma to his injured finger was not sufficient to prevent him from returning to work.
It was stipulated that Dr. P. M. Davis, Jr., also an orthopedic surgeon, examined plaintiff on June 10, 1963, and that if Dr. Davis were called as a witness he would testify to the same effect as did Dr. Banks.
Plaintiff testified that when he was discharged by Dr. Hair on January 14, 1963, he returned to the sugar mill for the purpose of resuming his employment, but that the j ob was no longer available because the mill had closed down. He stated that shortly thereafter he was employed by a Mr. James Cole to do some painting, and that he worked for Mr. Cole for a period of two or three months, during which time he performed duties which included painting, climbing ladders and carrying paint buckets. He also testified that for about two or three weeks immediately prior to the trial he had been employed to operate lawnmowers, cut grass and use a hoe in flower beds at the Louisiana State University campus in Alexandria, that he was still so employed at the time of the trial, and that he was then performing all of his duties in that employment, although he has kept his finger clear so that it will not hit anything. He states that his finger hurts if he hits it or jams it against something, and that when that occurs he has to stop and hold it until it stops hurting.
It is apparent from the evidence that plaintiff has been employed and has been performing manual labor, substantially of the same type as he had always performed, for at least three months before the case was tried. His hand and fingers function normally, the only alleged disability being that he experiences pain when he sustains a direct blow to the end of the ring finger on his left hand. Even when plaintiff receives a direct blow to the end of this finger, and he implies that that does not happen often because he guards that finger so it will not be struck, the pain is minimal and subsides in a few minutes. This minimal pain, experienced only as a result of direct trauma, will completely disappear within six weeks *143 after the trial. All of the doctors who examined plaintiff, as we interpret their testimony, feel that the pain which he experiences occasionally in his finger is of a minor nature, and that plaintiff was not disabled from performing manual labor at the time of the trial. There has been no suggestion by any doctor that the performance of manual labor by the plaintiff would be deleterious to his health, and neither is there any evidence to show that returning to work would endanger the plaintiff or any of his fellow employees.
In Glidden v. Alexandria Concrete Company, Inc., et al., 242 La. 625, 137 So.2d 894, our Supreme Court set out the following rule which we think is applicable here:
“It would be illogical, however, to treat this doctrine as encompassing all degrees of discomfort and make a complete or ‘good-as-new’ recovery essential before an employer may stop compensation payments. The pain must be substmtial enough to be disabling in that it either prevents the worker from carrying out some of the fimctions of his job or, where the pain is not so intense as to hinder the worker’s fulfillment of his duties, it must be show-n that performance of the work would be deleterious to his health. This would be the case where going back to work was possible but doing the work might retard the worker in regaining complete recovery of his health.” (emphasis added)
In Williams v. Travelers Insurance Company, La.App. 3 Cir., 157 So.2d 356, we stated:
“ * * * A compensation claimant is not entitled to compensation for disability in every instance where there is residual discomfort following an industrial accident: the residual pain must be substantial enough to be disabling within the meaning of our compensation act.” (emphasis added)
Professor Wex Malone, in his excellent book, “Louisiana Workmen’s Compensation Law and Practice,” makes the following observation:
“Where the employee can do the same kind of work but suffers great pain, the court says that the humane philosophy of the compensation act would not permit them to require that he endure such discomfort or to bar him from compensation because economic necessity obliges him to continue working under physical distress. The fact that the customary work will retard or prevent his complete recovery is of great importance. But, conversely, if exercise would tend to promote recovery the courts will usually find that continuance of the same duties constitutes work of a reasonable character even though some pain is encountered.” (Malone, Louisiana Workmen’s Compensation Law and Practice, Sec. 274, p. 331) (emphasis added)
We think the law is clear that a compensation claimant will not be held to be disabled, and thus entitled to compensation benefits, solely because he suffers some residual pain or discomfort when he attempts to work following an industrial accident. The residual pain or discomfort, in such a circumstance, will be considered as being disabling only if it is substantial, appreciable, or severe pain. It must be of such a substantial nature that it would be unreasonable and unjust to deny the employee compensation and thus require him to continue to work with that severe pain because economic necessity obliges him to do so.
In our opinion, the evidence in the instant suit fails to show that plaintiff has been disabled, within the meaning of the workmen’s compensation law, after the payment of compensation benefits was finally discontinued on June 21, 1963. Since *144 that date, plaintiff has been able to perform the same type of manual labor he has always performed, he suffers no pain when he works except when he receives a direct blow on the end of one of his fingers, and even then the pain which he suffers is minimal and is not disabling. If plaintiff is permitted to recover compensation benefits in this instance, then it would logically follow that any workman who sustains a small contusion or abrasion on his finger, which ordinarily would be ignored, must also be classified as being disabled because of the fact that a direct blow on that slightly injured finger would cause temporary pain, perhaps more severe than the minimal pain which plaintiff suffers in this case. We do not think an injury of that type is disabling within the meaning of the compensation law.
In our opinion, the trial judge erred in concluding that plaintiff has been disabled since the payment of compensation benefits was discontinued. Since plaintiff has received all of the compensation benefits which are due him, the judgment awarding him additional compensation must be reversed.
The trial judge held, and we agree, that the defendant insurer was not arbitrary, capricious or unreasonable in discontinuing the payment of compensation benefits on January 14, 1963, following the report which it received from Dr. Hair. The evidence clearly shows that the insurer resumed the payment of benefits promptly after it received a subsequent report from Dr. Banks to the effect that plaintiff was still disabled, and it continued to make those payments regularly until June 21, 1963. We have found that plaintiff had fully recovered from any disability by the time these payments were finally discontinued. There is no merit, therefore, to plaintiff’s demand for penalties and attorney’s fees, and we conclude that the trial court erred in awarding them to plaintiff.
Under the provisions of LSA-C.C.P., Article 2164, the appellate court is authorized to tax costs as in its judgment may be considered equitable. In this instance, compensation payments had been discontinued before the suit was filed, although plaintiff was still disabled, and payments were not resumed until after the filing of the suit. Under those circumstances, we consider it equitable that the costs incurred in the trial court be assessed to the defendants.
For the reasons herein set out, that portion of the judgment appealed from which condemns the defendants to pay all costs incurred in the district court is affirmed. In all other respects, the judgment appealed from is reversed, and judgment is hereby rendered in favor of defendants, Meeker Sugar Cooperative, Inc., and Southern Farm Bureau Casualty Insurance Company, and against plaintiff, Edmond Taylor, rejecting plaintiff’s demands for weekly compensation benefits from and after June 21, 1963, and rejecting his demands for penalties and attorney’s fees. One-half the costs of this appeal are assessed to plaintiff-appellant, and the remaining one-half of such costs are assessed to defendants-appellants.
Affirmed in part and reversed in part.
On Application for Rehearing.
En Banc. Rehearings denied.